MAE HAYNIE v. BETTY MAE QUEEN.

(Filed 23 March, 1966.)

APPEAL by defendant from *Falls, J.*, August 2, 1965 Civil Jury Session of GASTON.

Plaintiff instituted this action on February 4, 1964, to impress a trust on an undivided half interest in a lot on Auten Street in Gastonia. The lot is specifically described in the complaint. To support a claim of beneficial ownership in an undivided half interest in the lot and a building erected thereon, she alleged: Prior to October 31, 1957, plaintiff and defendant agreed to purchase the lot in question and to erect a home thereon; each would furnish half of the purchase price and pay half of the cost of erecting the building. Pursuant to this agreement plaintiff paid to the defendant $500, one-half of the purchase price of the lot; defendant purchased the lot and took title to the whole in her name; thereafter a residence was erected on the lot; plaintiff paid her half of the cost of erecting the residence; plaintiff and defendant occupied the premises as co-tenants from the date of purchase until February 1964, when defendant evicted plaintiff.

Defendant denied the property was purchased pursuant to an agreement with plaintiff and denied plaintiff's allegation that she had contributed any sum for the purchase of the lot or the erection of the building thereon. She admitted plaintiff had lived in the house from the time it was constructed, paying for such occupancy and for board the sum of $9.00 per week.

To determine the rights of the parties the court submitted issues answered by the jury as follows:

"1. Was there an agreement between the plaintiff, Mae Haynie, with the defendant, Betty Mae Queen, now Pearman, for the purchase of a lot and the .construction of a house on Auten Road as co-owners, as alleged in the Complaint?

ANSWER: Yes.

"2. Did the plaintiff, Mae Haynie, pay to the defendant, Betty Mae Queen, one-half the purchase price for the land and one-half the cost for the construction of the home, as alleged in the Complaint?

ANSWER: Yes.

"3. If so, is the plaintiff the owner of and entitled to a deed conveying a one-half undivided interest in the property described in the Complaint?

ANSWER: Yes."

Judgment was entered adjudging plaintiff the owner of an undivided half interest in the property in controversy. Defendant appealed.

*Childers and Fowler and Bob W. Lawing for plaintiff, appellee.*
*Mullen, Holland & Harrell for defendant, appellant.*

PER CURIAM. Defendant's claim of prejudicial error is based on an asserted failure to comply with G.S. 1-180, in that (1) the court failed to explain the law and (2) expressed an opinion as to what the facts were.

Issues 1 and 2 presented pure questions of fact for decision. The court in unequivocal language informed the jury it could not answer either of those issues in the affirmative unless plaintiff had established the facts as alleged by her by clear, strong and convincing testimony, and if plaintiff had failed to carry that burden of proof, it would answer the first and second issues No. The charge was sufficient.

When the jury answered the first two issues in the affirmative, the answer to the third issue followed as a matter of law. *Fulp v. Fulp*, 264 N.C. 20, 140 S.E. 2d 708; *Bowen v. Darden*, 241 N.C. 11, 84 S.E. 2d 289.

There is nothing in the charge which in our opinion constitutes an expression of opinion as to how the jury should answer the issues submitted to them.

No error.

Moore, J., not sitting.